UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
FILED: SEPTEMBER 2, 2008
08CV4969
JUDGE COAR
MAGISTRATE JUDGE DENLOW
TG
```

|  |  |
|---|---|
| SPREAD TRADE SYSTEMS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| v. | )    Case Number |
| | ) |
| FASI FILIAGA, | ) |
| Defendant. | ) |

**VERIFIED COMPLAINT FOR VIOLATIONS OF THE LANHAM ACT,
VIOLATION OF THE ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT,
BREACH OF FIDUCIARY DUTY AND
IMPOSITION OF A CONSTRUCTIVE TRUST**

Plaintiff, Spread Trade Systems, Inc. ("STS"), by its Attorneys Jeffrey C. Blumenthal and

Karl L. Felbinger, for its Verified Complaint against Fasi Filiaga ("Filiaga"), states as follows:

### JURISDICTION

1. This Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §1331 as,
   *inter alia*, this action is brought for violation of 15 U.S.C. §§1125 and 1119
   (sections 43 and 37, respectively of Lanham Act).

2. This Court also has jurisdiction under 28 U.S.C. §1332 as Plaintiff and Defendant
   are citizens of different States and the value of the matter in controversy exceeds
   $75,000 exclusive of interest and costs.

3. This Court has supplemental jurisdiction over the asserted State law claims pursuant
   to 28 U.S.C. §1367.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

**PARTIES**

5.    Plaintiff STS is an Illinois corporation with its principal place of business located at
      1339 Saxon Lane, Naperville, Illinois 60564.

6.    On information and belief, Filiaga is a resident of the State of California.

7.    STS is a company that offers numerous educational and education-related services
      and products to the investing public across the county [including, but not limited to:
      live educational training seminars and courses teaching strategies for better
      investing; on-line investment courses offered over the world-wide web; hosting a
      number of community chat sessions dealing with investing and the stock market,
      conducted over the internet; a weekly internet radio show, known as "Trade Talk";
      and the publication of  both a weekly newsletter known as the "STS Market Watch"
      and a monthly newsletter known as the "Wealth Builder"].

8.    Filiaga is the former President and Chief Executive Officer of STS and a former
      member of its Board of Directors.

**FACTS COMMON TO ALL COUNTS**

9.    At all times relevant to this Complaint, STS has had four shareholders—Filiaga,
      Gregory Jensen ("Jensen"), Mark Ely ("Ely"), and Ruben Pascua ("Pascua").
      Filiaga, Jensen and Ely each own 30% of STS's shares and Pascua owns the
      remaining 10%.

10.   The "Spread Trade Systems" logo (the "STS logo") was expressly created for STS
      on or about October 22, 2002, and STS first used the name "Spread Trade Systems"

2

and STS logo (collectively, the "STS Service Marks") in connection with its

business services [including, but not limited to, its investment training seminars and

courses and in the course materials distributed in connection therewith shortly

thereafter] in October 2002.

11.    STS first developed and commenced its ongoing and extensive use of the term "No

Fear Investing" as a marketing brand in connection with its business services

[including its investment seminars and courses and in its course materials,

recordings and publications] as early as September 2003.

12.    As a result of its continuous and extensive use of the STS Service Marks, as well as

the marketing brand "No Fear Investing" (the "No Fear Investing" Trademark)

these designations have come to be understood by the investing public as

identifying Plaintiff's particular business and its goods and services.

13.    Since its incorporation in August 2002, STS has had over six thousand (6,000)

students/customers.

14.    Until 2008, STS's good reputation and goodwill grew rapidly, and STS strategies

and approach have been featured, cited or referenced with approval in national web

broadcasts such as "The Street.Com" and in national publications, such as Forbes.

15.    For at least the last three years, STS and Kaizen Marketing Group, LLC, ("Kaizen,"

a Utah limited liability company, which markets STS's services and products) have

together spent approximately one million dollars ($1,000,000) annually in

promoting the STS Service Marks and the "No Fear Investing" Trademark.

16.    Until 2008, STS's and Kaizen's annual earnings grew at a substantial rate.  For

example, STS and Kaizen together had gross revenues of approximately 1.5 million

($1,500,000) in 2004, 4 million ($4,000,000) in 2005, 6 million ($6,000,000) in 2006 and 8 million ($8,000,000) in 2007.

17.  By virtue of STS's continued and long term use, advertising and promotion of its STS Service Marks and the "No Fear Investing" Trademark, the aforesaid Service Marks and Trademark represent extremely valuable good-will and intellectual property assets of the Plaintiff.

18.  In May 2008, Defendant Filiaga informed his fellow STS shareholders that STS did not have the name rights that STS thought it had and that Filiaga—while serving as President and a Director of STS—had obtained a federal service mark registration for the STS logo (USPTO Registration No. 3097452, a copy of which is attached hereto as Exhibit A), as well as a federal trademark registration for the word mark "No Fear Investing" (USPTO Registration No. 3020546, a copy of which is attached hereto as Exhibit B) in his own personal name (purporting to be the individual owner of these marks) rather than in the name of STS.

19.  Filiaga's federal registrations for the STS logo as a service mark and "No Fear Investing" as a trademark in his own name were improper and done without the authorization or consent of STS.

20.  In July 2008, Filiaga was removed from the STS Board of Directors and was terminated as an STS employee.

21.  By letter dated July 18, 2008 (copy attached hereto as Exhibit C), Filiaga, through a Salt Lake City law firm, wrongfully sent STS a notice to cease and desist using the "Spread Trade Systems" name and the STS logo, as well as the marketing brand "No Fear Investing."

22. Accordingly, STS is presently filing Petitions to Cancel Filiaga's claimed federal service mark registration of the STS logo and the federal trademark registration of the "No Fear Investing" marketing brand with the United States Patent and Trademark Office's Trademark Trial and Appeal Board.

23. On August 21, 2008, STS first learned that Filiaga—no longer an Officer or Director of STS, and not employed by STS—was using STS's "No Fear Investing" trademark on the world wide web to promote for his own account an investment strategies book he purportedly authored, titled "No Fear Investing: The Down and Dirty of Retail Trading," and to solicit the public, including STS students/customers, to attend an investing seminar—under the "No Fear Investing" trademark, in direct but wrongful competition with publications and classes offered by STS.

24. On August 21, 2008, Filiaga transmitted a certain solicitation to the public, including STS students/customers, which prominently displays STS's "No Fear Investing" Trademark without authorization from STS (copy attached hereto as Exhibit D).

25. Filiaga's use of STS's "No Fear Investing" Trademark for his investment book and for his investment seminars and classes was and remains without the consent or authorization of STS and was and remains in wrongful contravention of STS's long standing rights in its "No Fear Investing" Trademark.

26. "No Fear Investing" is the name and trademark under which STS promotes its introductory course and is a brand under which STS markets.

## COUNT I – VIOLATION OF SECTION 43 OF THE LANHAM ACT

1-26.   Plaintiff repeats and re-alleges each of the allegations contained in Paragraphs 1-26 of the foregoing allegations as Paragraphs 1-26 of Count I of the Complaint.

27.   As a result of Defendant Filiaga's unauthorized and wrongful use of STS's "No Fear Investing" Trademark in connection with his advertising, promotion and sale of his investment strategies book entitled "No Fear Investing" and his investing educational seminar, Defendant Filiaga is likely to mislead (indeed, misleading) prospective purchasers as to the affiliation, or association of Filiaga and/or Filiaga's products or services with Plaintiff STS and/or Plaintiff STS's products or services, or as to the origin, sponsorship or approval of Defendant Filiaga's products or services by STS, causing purchasers to rely thereon, in violation Section 43 of the Lanham Act, 15 U.S.C. §1125(a).

28.   Defendant's acts were undertaken in bad faith and in a deliberate attempt to capitalize on the goodwill and reputation of the Plaintiff and the Plaintiff's "No Fear Investing" Trademark and to mislead the public into believing that there is a connection, affiliation, or association between Defendant and his investment strategies book and investment strategies educational seminars and the Plaintiff and its investment strategies publications and recordings and investment strategies educational classes marketed under STS's "No Fear Investing" Trademark.

29.   By reason of Defendant's acts, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation, and goodwill, and will sustain loss of revenue and profits.

6

30.    Unless preliminarily and permanently enjoined by this Court, Defendant Filiaga
       will continue to perform the acts complained of herein and cause said damages and
       injury, all to the immediate and irreparable harm of Plaintiff, for which Plaintiff has
       no adequate remedy at law.

## COUNT II – VIOLATION OF SECTION 37 OF THE LANHAM ACT

1-30.    Plaintiff repeats and re-alleges each of the allegations contained in Paragraphs 1-30
         of the foregoing allegations as Paragraphs 1-30 of Count II of the Complaint.

31.    Defendant Filiaga did not have the consent, authority or permission of STS to claim
       ownership of and obtain a federal service mark registration for the STS logo or a
       federal trademark registration for STS's "No Fear Investing" trademark in his
       personal name.

32.    The specimens of use submitted by Filiaga in connection with the respective
       applications for federal registration of the STS logo as a service mark and "No Fear
       Investing" as a trademark were, in fact, use of the respective marks in commerce by
       STS and not Filiaga as an individual (copies of the specimens submitted in
       connection with Registration Nos. 3097452 and 3020546 attached hereto,
       respectively, as Exhibits E and F).

33.    Pursuant to Section 37 of the Lanham Act, 15 U.S.C. §1119, this Court has the right
       to cancel the service mark and trademark registrations by Filiaga and/or modify said
       registrations by, *inter alia*, assigning all right, title and interest in and to said
       registrations to STS.

## COUNT III – VIOLATION OF THE ILLINOIS
## UNIFORM DECEPTIVE TRADE PRACTICES ACT

1-33.   Plaintiff repeats and re-alleges each of the allegations contained in Paragraphs 1-33 of Count II of the Complaint as Paragraphs 1-33 of Count III of the Complaint.

34.   Defendants' use of the STS's "No Fear Investing" Trademark for his competing book publication and competing investing strategies educational seminars creates a likelihood of consumer confusion or misunderstanding as to, among other things, the source, sponsorship, approval or certification of the Defendant's goods and services and as to the affiliation, connection or association of the Defendant's goods and services with the Plaintiff's goods and services.

35.   Defendants' use of the STS's "No Fear Investing" Trademark constitutes a willful deceptive trade practice under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS§ 510/1 *et. seq.*, which will cause irreparable injury to the Plaintiff's business, for which there is no adequate remedy at law.


## COUNT IV – BREACH OF FIDUCIARY DUTY

1-35.   Plaintiff repeats and re-alleges each of the allegations contained in Paragraphs 1-35 of Count III of the Complaint as Paragraphs 35 of Count IV of the Complaint.

36.   As a 30% shareholder of STS, Defendant Filiaga owes STS a fiduciary duty not to compete with STS.

37.   Filiaga has breached his fiduciary duty to STS by offering competing investment strategies educational seminars and a competing investment strategy publication.

38.   Filiaga has compounded his breach of fiduciary duty by offering these competing services and product using STS's "No Fear Investing" Trademark.

39.   Filiaga's obtaining federal registrations for the STS logo and STS's "No Fear
      Investing" Trademark in Filiaga's own name without STS's consent or
      authorization while an officer and director of STS also constitute breaches of
      fiduciary duty.

40.   On August 26, 2008, Filiaga sent an e-mail to STS's President in which Filiaga
      threatened to take unilateral action to supposedly "act on behalf of STS and its
      student base" unless STS immediately terminated its marketing relationship with
      Kaizen as demanded by Filiaga.

41.   Filiaga's threat to unilaterally interfere with STS's marketing relationship with
      Kaizen raises the prospect of further imminent and irreparable damage to STS's
      business, goodwill and reputation for which there is no adequate remedy at law.

## COUNT V – IMPOSITION OF A CONSTRUCTIVE TRUST

1-41.  Plaintiff repeats and re-alleges each of the allegations contained in Paragraphs 1-41
       of Count IV of the Complaint as Paragraphs 1-41 of Count V of the Complaint.

42.    Filiaga's obtaining federal registrations for the STS logo and STS's "No Fear
       Investing" Trademark in Filiaga's own name without STS's consent or
       authorization — while serving as Plaintiff's President and as a member of its Board
       of Directors—is inequitable and constituted a breach of Defendant's fiduciary duty
       to use the utmost good faith in connection with dealings related to STS and also
       constituted a breach of Defendant's duty to exercise undivided loyalty with respect
       to STS.

9

43.    As an Officer and Director of STS, Defendant Filiaga took advantage of and abused his position for his own financial gain and to the detriment of STS, which warrants the imposition of a constructive trust for the benefit of STS on the federal service mark registration of the STS logo and federal trademark registration of STS's "No Fear Investing" Trademark wrongfully registered in Filiaga's personal name and to additionally prohibit Defendant Fasi Filiaga from using the STS Service Marks and STS's "No Fear Investing" Trademark in connection with any business of Fasi Filiaga.

44.    Filiaga's unauthorized offer to the investing public of competing investment strategies educational seminars and a competing investment strategy publication is a breach of Filiaga's fiduciary duties as an STS shareholder, is also inequitable and warrants the imposition of a constructive trust on all profits derived by Defendant from the sale of his investment strategies educational seminars and his competing investment strategy publication.

WHEREFORE, Plaintiff, Spread Trade Systems, Inc. prays for the entry of an Order that:

(A) Preliminarily and permanently enjoins and restrains the Defendant, Fasi Filiaga, his employees, agents and/or representatives from (i) using the STS Service Marks and STS's "No Fear Investing" Trademark or any other confusingly or substantially similar name, logo or term or any colorable imitation of the same in the marketing of any business, goods or services; and (ii) doing any other act or thing likely to induce the belief that Defendant's business or goods and/or services are in any way connected with Plaintiff's business, goods or services;

(B) Immediately cancels USPTO Registration No. 3097452, for the service mark comprised of the STS logo, and USPTO Registration No, 3020546, for the "No Fear Investing" trademark wrongfully registered in Filiaga's personal name, or, in the alternative, that Registrations Nos. 3097452 and 3020546 be transferred and assigned to Spread Trade Systems, Inc., with costs and legal fees to be awarded to Petitioner, if deemed appropriate, pursuant to the Federal Rules of Civil Procedure;

(C) Preliminarily and permanently enjoins and restrains the Defendant, Fasi Filiaga, his employees, agents and/or representatives from taking any unilateral or "self-help" action that interferes with the business relationship between Plaintiff, STS and Kaizen Marketing Group, LLC, including, but not limited to, contacting STS's students and/or STS's suppliers, vendors or business associates regarding the business relationship between STS and Kaizen Marketing Group, LLC;

(D) Imposes a constructive trust for the benefit of STS on the federal service mark registration of the STS logo and federal trademark registration of STS's "No Fear Investing" Trademark wrongfully registered in Filiaga's personal name and to additionally prohibit Defendant Fasi Filiaga from using the STS Service Marks and STS's "No Fear Investing" Trademark in connection with any business of Fasi Filiaga.;

(E) Imposes a constructive trust and requires Defendant Fasi Filiaga to account for and pay over to the Plaintiff all profits derived by the Defendant from his acts complained of herein, together with prejudgment interest;

(F) Requires Defendant to pay to the Plaintiff all the damages Plaintiff has suffered as a result of the acts of Defendant complained of herein, including an assessment of trebled actual damages, together with prejudgment interest;

11

(G) Requires Defendant to pay to Plaintiff its attorneys' fees and costs in this action; and,

(H) Awards Plaintiff such further relief as the Court deems just and appropriate.

Respectfully Submitted,
Plaintiff, Spread Trade Systems, Inc.


By: __*/s/Jeffrey C. Blumenthal*__
One of its Attorneys


Jeffrey C. Blumenthal
ARDC #3124049
Karl L. Felbinger Jr.
ARDC #6212222
Jeffrey C. Blumenthal Chartered
2970 Maria Avenue, Suite 223
Northbrook, Illinois 60062
Telephone: (847) 498-3220
Facsimile: (847) 498-3221
E-mail:jcblaw@Ameritech.net

## VERIFICATION

Mark Ely, being first duly sworn on oath, deposes and states that he is the President of

Spread Trade Systems and that the statements set forth in the foregoing Verified Complaint

for Violations of the Lanham Act, Violation of the Illinois Uniform Deceptive Trade

Practices Act, Breach of Fiduciary Duty and Imposition of Imposition of a Constructive Trust

are true and correct, except as to matters stated to be on information and belief and as to such

matters the undersigned verily believes the same to be true.

_____
Mark Ely

Signed and Sworn to
before Me this 29
day of August, 2008

Notary Public

"OFFICIAL SEAL"
Rebecca Millhouse
Notary Public, State of Illinois
DuPage County
My Commission Expires June 27, 2009

13

Int. Cl.: 41

Prior U.S. Cls.: 100, 101 and 107

**United States Patent and Trademark Office**

Reg. No. 3,097,452
Registered May 30, 2006

08CV4969
JUDGE COAR
MAGISTRATE JUDGE DENLOW
TG

## SERVICE MARK
### PRINCIPAL REGISTER



FILIAGA, FASI (UNITED STATES INDIVIDUAL)
1330 SOUTH 1300 EAST
SALT LAKE CITY, UT 84105

FOR: TRAINING SERVICES IN THE FIELD OF INVESTING, AND DISTRIBUTING COURSE MATERIAL IN CONNECTION THEREWITH, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 6-30-2003; IN COMMERCE 6-30-2003.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE SPREAD TRADE SYSTEMS, APART FROM THE MARK AS SHOWN.

SER. NO. 78-492,655, FILED 9-30-2004.

CAROLYN CATALDO, EXAMINING ATTORNEY



ALL-STATE LEGAL®  PLAINTIFF'S EXHIBIT

A

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

Reg. No. 3,020,546

**United States Patent and Trademark Office**  Registered Nov. 29, 2005

**TRADEMARK**
**PRINCIPAL REGISTER**

08CV4969
JUDGE COAR
MAGISTRATE JUDGE DENLOW
TG

# NO FEAR INVESTING

FILIAGA, FASI (UNITED STATES INDIVIDUAL)
1330 SOUTH 1300 EAST
SALT LAKE CITY, UT 84105

FOR: ELECTRONIC PUBLICATIONS AND AUDIO VISUAL RECORDINGS, NAMELY, EDUCATIONAL BOOKS AND MANUALS IN THE FIELD OF FINANCIAL INVESTMENT RECORDED ON COMPUTER MEDIA AND PRE-RECORDED COMPUTER MEDIA FEATURING AUDIO-VISUAL PRESENTATIONS AND SEMINARS IN THE FIELD OF FINANCIAL INVESTMENT, AND RELATED INSTRUCTIONAL MANUALS SOLD TOGETHER THEREWITH AS A UNIT, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 5-31-2004; IN COMMERCE 5-31-2004.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE INVESTING, APART FROM THE MARK AS SHOWN.

SER. NO. 78-492,557, FILED 9-30-2004.

STEVEN PEREZ, EXAMINING ATTORNEY



PLAINTIFF'S
EXHIBIT

B

Gateway Tower West
15 West South Temple, Suite 900
Salt Lake City, Utah 84101

Salt Lake City (801) 537-1700
Facsimile (801) 537-1799
Utah Valley (801) 373-5600

# MADSON ⚷ AUSTIN

INTELLECTUAL PROPERTY LAW

Craig J. Madson

Registered Patent Attorneys
www.maiplaw.com

July 18, 2008

**<u>Certified Mail Return Receipt Requested</u>**

Mark Ely, President & CEO
SPREAD TRADE SYSTEMS, INC.
1339 Saxon Lane
Naperville, Illinois 60564

Re:    Trademark Notice of Revocation of Implied License

Dear Mr. Ely:

We represent Fasi Filiaga regarding his intellectual property matters. Mr. Filiaga has asked us to contact you regarding two of his federally registered marks. As you are aware, Mr. Filiaga owns the federal registrations for the marks SPREAD TRADE SYSTEMS as a stylized logo (U.S. Reg. No. 3,097,452) and NO FEAR INVESTING (U.S. Reg. No. 3,020,546) ("Marks"). A copy of each registration is attached for your reference.

We understand that while Mr. Filiaga was an officer and director of Spread Trade Systems, Inc. ("STS"), the company used both Marks extensively. However, Mr. Filiaga is no longer an officer or director and can no longer oversee further use. As a result, to the extent that STS or any of its affiliates enjoyed an implied license to use or have others use the Marks, by this letter, Mr. Filiaga revokes any such license to use the Marks and any other uses of marks/trade names/URLs that may be likely to confuse the marketplace into believing that STS's use is authorized by, sponsored by, or affiliated with Mr. Filiaga or his businesses. This revocation shall take effect immediately.

Recognizing that it may take time to discontinue the use of the Marks, Mr. Filiaga will permit you a short period to transition out of any further use of the Marks. Mr. Filiaga will not pursue any infringement action for transitional use for thirty (30) days from the date you receive this notice of revocation. Thereafter, however, Mr. Filiaga will consider any further use of the Marks as being unauthorized and will act accordingly.



PLAINTIFF'S
EXHIBIT

_C_

Should you or your attorney (if you have one) have any questions regarding this revocation, please direct your inquiry to the undersigned attorney.

Sincerely yours,

MADSON & AUSTIN

Craig J. Madson

Enclosures
Cc: Fasi Filiaga (via email)

Int. Cl.: 41

Prior U.S. Cls.: 100, 101 and 107

## United States Patent and Trademark Office

Reg. No. 3,097,452

Registered May 30, 2006

### SERVICE MARK
### PRINCIPAL REGISTER



FILIAGA, FASI (UNITED STATES INDIVIDUAL)
1330 SOUTH 1300 EAST
SALT LAKE CITY, UT 84105

FOR: TRAINING SERVICES IN THE FIELD OF INVESTING, AND DISTRIBUTING COURSE MATERIAL IN CONNECTION THEREWITH, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 6-30-2003; IN COMMERCE 6-30-2003.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE SPREAD TRADE SYSTEMS, APART FROM THE MARK AS SHOWN.

SER. NO. 78-492,655, FILED 9-30-2004.

CAROLYN CATALDO, EXAMINING ATTORNEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

Reg. No. 3,020,546

## United States Patent and Trademark Office

Registered Nov. 29, 2005

### TRADEMARK
### PRINCIPAL REGISTER

# NO FEAR INVESTING

FILIAGA, FASI (UNITED STATES INDIVIDUAL)
1330 SOUTH 1300 EAST
SALT LAKE CITY, UT 84105

FOR: ELECTRONIC PUBLICATIONS AND AUDIO VISUAL RECORDINGS, NAMELY, EDUCATIONAL BOOKS AND MANUALS IN THE FIELD OF FINANCIAL INVESTMENT RECORDED ON COMPUTER MEDIA AND PRE-RECORDED COMPUTER MEDIA FEATURING AUDIO-VISUAL PRESENTATIONS AND SEMINARS IN THE FIELD OF FINANCIAL INVESTMENT, AND RELATED INSTRUCTIONAL MANUALS SOLD TOGETHER THEREWITH AS A UNIT, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 5-31-2004; IN COMMERCE 5-31-2004.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE INVESTING, APART FROM THE MARK AS SHOWN.

SER. NO. 78-492,557, FILED 9-30-2004.

STEVEN PEREZ, EXAMINING ATTORNEY

--- On **Thu, 8/21/08, Fasi Filiaga <*FasiFiliaga@stockmarketmastery.com*>** wrote:

From: Fasi Filiaga <FasiFiliaga@stockmarketmastery.com>
Subject: Fasi Filiaga's No Fear Investing Retreat
To: jjalcede@gmail.com
Date: Thursday, August 21, 2008, 6:31 PM

08CV4969

JUDGE COAR

MAGISTRATE JUDGE DENLOW

TG

*No Fear Investing: The Down and Dirty of Retail Trading.*

Dear Jeremy & Sarah,

My name is Fasi Filiaga a long time retail trader and investor as well as educator, checking in on you. I hope this e-mail reaches you in times of growth and prosperity. As the investment community grows, it is important for us to address the issues that are most immediate to us as individual traders and investors to ensure our continued success. The stock market tends to be a source of significant income for some and a source of frustration for others. As a result, I have put together an incredible opportunity to work with you in an intimate setting based on my new book No Fear Investing: The Down and Dirty of Retail Trading. This will give me the opportunity to work with you face to face and help you customize a game plan that will benefit you for years to come. We are calling this our Stock Market Mastery Series.

Whether you are a seasoned trader or just beginning to trade on a regular basis, this is an opportunity that will be very limited and for just a select few. We will be conducting a trading and personalized instruction retreat to take your trading business to the next level. This is something brand new in its offering, and we wanted to put something in place to launch our students to massive profits. I have a few advisors that are charged with the task of finding the right individuals for this opportunity. Please contact them to go through the details as seating is very limited. We can be reached at 1-888-763-9895 ask for extension 303.

As you know the time to make moves is now and everyone that wants to make money in trading will always want to find ways to challenge themselves and make more. This is what has led me to create my new book and training program. I hope you will be able to become a member of my very select group of traders and investors that will be working with me in this personalized atmosphere.

If not this then what? If not me then who? If not now then when?

Looking forward to our training together,

*Fasi Filiaga*

Fasi Filiaga

ALL-STATE LEGAL® PLAINTIFF'S EXHIBIT D



© 2008 Stock Market Mastery

This email was sent by Fasi Filiaga, 125 East main street Suite 417, American Fork, Utah 84003, using Express Email Marketing. You were added to this list as jjalcede@gmail.com on 8/21/2008.

Express Email Marketing supports permission-based email marketing. You can change your preferences or unsubscribe from this mailing list at any time.





PLAINTIFF'S
EXHIBIT

E



08CV4969
JUDGE COAR
MAGISTRATE JUDGE DENLOW
TG

# NO FEAR INVESTING

## A low risk way to trade in the stock market!

Learn the 3 key elements for successful investing

- *Market Knowledge*
- *Risk management*
- *An adjustable trading system*

## Don't Just Read About it... *EXPERIENCE IT!!*



This package contains 6 easy to follow Audio/Visual CD ROM's that run on Windows 98 or higher.

- *Defining Options 101*
- *Fundamental Analysis*
- *Technical Analysis*
- *The Basic Spread Trades*
- *The Put Spread Trades*
- *The Call Spread Trades*



PLAINTIFF'S
EXHIBIT
F
ALL-STATE LEGAL®